# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DEBORAH TINA LAMPERT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:09CV443MLM |
| ) | |
| **ROBERT LAPIN et al,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Remand filed by Plaintiff Deborah Tina Lampert ("Plaintiff"). Doc. 10. Defendants Robert B. Lapin, Temma Lapin, Gloria S. Scheinkman, and Gary A. Scheinkman ( jointly, "Defendants") filed a Response. Doc. 11. Plaintiff has not filed a Reply. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 12.

### BACKGROUND

Plaintiff filed her Complaint in the Circuit Court for St. Louis County. On March 19, 2009, Defendants removed this matter to federal court pursuant to 28 U.S.C. § 1332.[1] Doc. 1. In her cause of action Plaintiff contests the will of Sarah D. Lapin and its codicil. Specifically, Plaintiff alleges that Sarah D. Lapin died in St. Louis County on or about July 6, 2008; that on or about July 28, 2008, documents which purported to be the last will and testament of Sarah D. Lapin, as amended by a

---

[1] Plaintiff, a Missouri resident, named herself as a Defendant. In the Notice of Removal Defendants contend that joinder of Plaintiff as a named defendant is fraudulent because she does not have a colorable claim against herself; that all other Defendants are residents of states other than Missouri; and that, therefore, this court has diversity jurisdiction. In the Motion to Remand Plaintiff does not address Defendant's allegation of fraudulent joinder. The time for Plaintiff's filing a motion to remand addressing diversity and/or fraudulent joinder has expired. 28 U.S.C. § 1447(c). As such, Plaintiff's naming herself as a defendant does not defeat diversity.

codicil, were admitted to probate court in St. Louis County; that at the time Sarah D. Lapin signed these documents she was not of "sound mind" and did not have the "mental capacity to make a will"; that the making and signing of the will and codicil were procured by the indue influence of defendants; that Plaintiff is the daughter and an heir of Sarah D. Lapin; that, at the time of her death, Sarah D. Lapin had personal property in the State of Missouri valued at approximately one million dollars; and that, therefore, the court should define and declare the documents purporting to be the last will and testament and its codicil void and of no effect.

In the pending Motion to Remand, Plaintiff contends that the probate exception to federal diversity jurisdiction applies and that, therefore, this matter should be remanded to State court. Doc. 10. In their Response, Defendants contend that the matter under consideration falls outside the scope of the probate exception. Doc. 11.

## APPLICABLE LAW AND DISCUSSION

In <u>Markhan v. Allen</u>, 326 U.S. 490, 494 (1946), the Supreme Court held:

> It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. [citations omitted] But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of [] legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. <u>Waterman v. Canal-Louisiana Bank & Trust Co.</u>, 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80 [other citations omited].
>
> Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, ... it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court. <u>Commonwealth Trust Co. v. Bradford</u>, supra, 297 U.S. 619, 56 S.Ct. 602, 80 L.Ed. 920; [other citations omitted]

Thus, the Court held in Markham, 326 U.S. at 495, that where a plaintiff asked the district court to order the "defendant's executor to pay over the entire net estate to [the plaintiff], ... [t]he affect of the judgment was to leave undisturbed the orderly administration of decedent's estate in the state probate court and to decree petitioner's right in the property to be distributed after its administration." The Court concluded that the result was "not an exercise of probate jurisdiction or an interference with property in the possession or custody of a state court." Id. As further explained by the Supreme Court in Marshall v. Marshall, 547 U.S. 293, 311 (2006):

> [T]he "interference" language in Markham [is] essentially a reiteration of the general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res. [citations omitted] Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311-12.

The Eighth Circuit has noted that "ferreting out those instances where the exercise of federal court jurisdiction would interfere with a probate matter to such a degree to invoke the [probate] exception can be as elusive as its origin." Sianis v. Jensen, 294 F.3d 994, 998 (8th Cir. 2002). In Sianis, where the plaintiff sought to set aside his mother's will based upon the fraudulent conduct of the defendants, the Eighth Circuit acknowledged that there are "instances when a federal court may have jurisdiction to adjudicate the validity of a will"; whether a federal court has jurisdiction in such circumstances depends on the remedy available to the plaintiff under applicable State law. Id. "[W]here the dispute over the will would be *cognizable only in a state probate court*, a federal court" does not have jurisdiction. Id. (emphasis added). On the other hand, "if state law authorizes a suit inter partes to annul a will or to set aside the probate of a will, and the suit is *enforceable in a court of general jurisdiction* within the state, a federal court may entertain jurisdiction over the will

3

contest." Id. (emphasis added) (citing Bassler v. Arrowood, 500 F.2d 138, 141 (8th Cir. 1974) ("Where the action is clearly in personam, federal courts have the power to adjudicate the controversy.").

Mo. Rev. Stat. § 474.083.1 provides for filing a petition contesting a will in the State circuit court. "[T]he jurisdiction of the circuit court to hear will contests is derivative," however, as "[t]he probate courts have exclusive jurisdiction over the probate or rejection of wills." Estate of Johnson v. Powell, 708 S.W.2d 783, 784 (Mo. Ct. App. 1986) (citing Danforth v. Danforth, 663 S.W.2d 288, 293 (Mo. Ct. App. 1983)). For the circuit court to have jurisdiction of a will contest: "(1) there must be a final judgment of the Probate Division admitting the will to probate"; "(2) the action to contest the will must be filed in the county wherein the will was probated"; and "(3) the statutory provision governing time limits on service of process must be complied with." Id. (citations omitted).

First, resolution of the issue presented in Plaintiff's Complaint will not interfere with probate proceedings, assume general jurisdiction of probate proceedings, or involve the control of property in the custody of the State court. Accordingly, Markam, 326 U.S. at 494, does not prohibit this court's asserting federal jurisdiction. See also McAninch v. Wintermute, 491 F.3d 759, 766 (8th Cir. 2007) (holding that probate exception does not lie where a plaintiff seeks an in personam judgment against a defendant and does not seek "a res" in the custody of the state court). Second, Plaintiff does not dispute that the three requirements for the State circuit court to have jurisdiction are met. In particular, Plaintiff's Complaint alleges that the will and codicil at issue have been admitted to the probate court in St. Louis County. As such, the court finds that the probate exception to this court's having diversity jurisdiction does not apply and that this court has jurisdiction. See Marshall, 547 U.S. at 311; Markhan, 326 U.S. at 494; McAninch, 491 F.3d at 766; Sianis, 294 F.3d at 998; Johnson, 708 S.W.2d at 784. The court finds, therefore, that Plaintiff's Motion to Remand should be denied.

4

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by Plaintiff is **DENIED**. Doc. 10.

                                              /s/Mary Ann L. Medler
                                              MARY ANN L. MEDLER
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of June, 2009.